ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 31, 2003

The Honorable Mark E. Price
San Jacinto County Criminal District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331

Opinion No. GA-0053

Re: Auditing of certain accounts held by a
criminal district attorney (RQ-0624-JC)

Mr. Ray Stelly, C.P.A.
San Jacinto County Auditor
1 State Highway 150, Room B1
Coldspring, Texas 77331

Dear Mr. Price and Mr. Stelly:

Mr. Price's predecessor in office and Mr. Stelly asked this office several questions relating to an ongoing special audit authorized by section 115.032 of the Local Government Code. The District Attorney's office contends that certain funds are not subject to audit in this matter, and the County Auditor's office disagrees. The funds in question are (i) moneys distributed to the District Attorney's office pursuant to the Professional Prosecutors Act, chapter 46 of the Government Code, (ii) grants from the criminal justice division of the governor's office distributed pursuant to article 104.004 of the Code of Criminal Procedure, and (iii) the "hot check" fund created by article 102.007 of the Code of Criminal Procedure.

As we understand the controversy giving rise to this request, a special auditor appointed by the district judge pursuant to section 115.032 of the Local Government Code requested certain records of these funds, and the Criminal District Attorney declined to comply with this request on the ground that the County Auditor had no authority to inspect such accounts.[1] Further, the special auditor argues that a particular contract entered into by the District Attorney for the purchase of a car for his office with "hot check" funds created an unconstitutional debt. To this, the District Attorney's office responds that the funds expended were subject to his sole discretion and did not bind the county.[2]

---

[1]Letter from Honorable Scott W. Rosekrans, San Jacinto County Criminal District Attorney, to Ray Stelly, San Jacinto County Auditor (Oct. 11, 2002) (on file with Opinion Committee).

[2]Letter from Honorable Scott W. Rosekrans, San Jacinto County Criminal District Attorney, to Honorable Joe E. Adams, County Judge, San Jacinto County (Oct. 6, 2002) (on file with Opinion Committee).

Section 115.032 of the Local Government Code provides for "a special audit of all county records" to be performed in a county upon the petition of thirty percent of the number of its voters in the last gubernatorial election. TEX. LOC. GOV'T CODE ANN. § 115.032 (Vernon 1999). A district judge with jurisdiction in the county determines the validity of the petition and, if it is valid, employs a person who has the qualifications required of a county auditor to prepare and file the special audit. *Id.*

The first question is whether the state funds distributed to a district attorney's office under either the Professional Prosecutors Act or article 104.004 of the Code of Criminal Procedure are subject to audit in this matter pursuant to section 115.032 of the Local Government Code.

The District Attorney's argument that the state funds in question are not subject to this audit is rooted in section 115.0035(d) of the Local Government Code, which exempts such funds from audit by the county auditor. But the authority for the audit in question derives rather from section 115.032, and the audit is conducted by the court-appointed special auditor. However, nothing in the language of section 115.032 gives the special auditor powers greater than those of the county auditor, and the county auditor is specifically denied the authority to audit these particular funds. *See* TEX. LOC. GOV'T CODE ANN. §§ 115.032, 115.0035 (Vernon 1999).

As the District Attorney's office has noted, the provision giving a county auditor authority to audit funds collected by a district attorney or any county entity specifically exempts "funds received by the district attorney from the comptroller of public accounts pursuant to the General Appropriations Act" and federal and state grants. *Id.* § 115.0035(d). Under section 46.004(b) of the Professional Prosecutors Act, a district attorney is accountable to the state comptroller for the funds provided to defray the costs of office. TEX. GOV'T CODE ANN. § 46.004(b) (Vernon Supp. 2003). Similarly, under article 104.004 of the Code of Criminal Procedure concerning grants made by the criminal justice division of the governor's office, "All money distributed to a county under this article and its expenditure by the county are *subject to audit by the state auditor.*" TEX. CODE CRIM. PROC. ANN. art. 104.004(d) (Vernon Supp. 2003) (emphasis added). Section 115.0035(d) excepts both of these funds from county audit.

The special audit provision, applying to "county records" generally, was first adopted in 1957. *See* Act of Apr. 17, 1957, 55th Leg., R.S., ch. 124, 1957 Tex. Gen. Laws 265. As the emergency clause of the legislation makes clear, the concern behind the provision had to do with "[t]he fact that audits of county records under the present law are inadequate." *Id.* Accordingly, the emergency clause suggests that the intent of the legislation is for the special auditor to have oversight authority of the county auditor. We conclude, therefore, that the powers of the two auditors are coextensive and that the state funds in question are not subject to the special audit procedure.

The next questions concern the "hot check" fund established under article 102.007 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.007(a)-(f) (Vernon Supp. 2003). The District Attorney's office contends that this fund is not subject to audit either by the County Auditor or by the special auditor appointed under section 115.0032. In this instance, however, we cannot agree. It is well established, as the District Attorney's office argues, that the

"hot check" fund is "wholly outside of the county budgeting process."[3] However, it is equally well established that "[t]he county auditor generally oversees the books and records of a county officer who receives or collects money 'that is intended for the use of the county or that belongs to the county.'" Tex. Att'y Gen. Op. No. DM-357 (1995) at 8 n.8 (citing TEX. LOC. GOV'T CODE ANN. § 112.006(a) – General Oversight Authority of County Auditor). A county auditor may, for example, require the prosecutor to submit receipts for the purchase of goods and services from the fund as an ordinary accounting and control procedure. Tex. Att'y Gen. Op. No. JC-0084 (1999) at 2. Given that the audit of the "hot check" fund is within the purview of the county auditor, it is within that of the special auditor as well.

Because the "hot check" fund is a county fund, article XI, section 7 of the Texas Constitution applies to it. Article XI, section 7 provides in relevant part that "no debt for any purpose shall ever be incurred in any manner by any city or county" without provision for a tax to pay for the interest and a sinking fund. TEX. CONST. art. XI, § 7. The District Attorney's office has argued that it entered into a multi-year contract, but not one that involved county funds or bound the county. This argument attempts to distinguish the transaction in question from that under consideration in Attorney General Opinion JC-0395, which held that a district attorney may not bind the use of county funds for a long-term lease agreement. Tex. Att'y Gen. Op. No. JC-0395 (2001) at 2. The distinction, however, is unavailing. While opinions dating at least as far back as Attorney General Opinion MW-439 (1982) have noted that the county has no authority over the disposition of the "hot check" fund, the character of the fund, which is, pursuant to article 102.007, "deposited in the county treasury," has not been disputed. TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2003). Indeed, Attorney General Opinion MW-439 itself referred to the fund as a "special fund which is in the county treasury, but which is segregated from *other* county funds and earmarked for a specific purpose." Tex. Att'y Gen. Op. No. MW-439 (1982) at 5 (emphasis added); *see also* Tex. Att'y Gen. Op. No. JM-313 (1985) at 9 (hot check fund "clearly comprised by county funds"). Attorney General Opinion DM-357's conclusion that a county auditor had authority to oversee these funds, moreover, was premised on the funds in question being county funds. *See* Tex. Att'y Gen. Op. No. DM-357 (1995) at 8 n.8. Additionally, while the District Attorney has discretionary authority over the moneys in the "hot check" fund, nothing in the language of article 102.007 purports to give him the contractual authority asserted here. "The district attorney had no authority to enter into a contract requiring the expenditure of county funds." Tex. Att'y Gen. Op. No. JC-0395 (2001) at 2. Accordingly, however these public funds may be denominated, the District Attorney has no authority to pledge them, whatever his power to expend them.

The final question concerns the disposition of the funds granted to a district attorney's office under chapter 46 of the Government Code, the Professional Prosecutors Act. While section 46.004 does, as the District Attorney's office argues, provide that the use of the funds is overseen by the comptroller of public accounts rather than the county auditor, it is silent as to where the moneys shall be deposited. Certainly the legislature could have provided for the money to be treated as a special fund in the county treasury as it did in the case of the "hot check" fund. *See* TEX. CODE CRIM. PROC.

---

[3]Letter from Honorable Scott W. Rosekrans, San Jacinto County Criminal District Attorney, to Texas Attorney General at 5 (Oct. 17, 2002) (on file with Opinion Committee) (citing Tex. Att'y Gen. Op. No. DM-357 (1995) at 6).

ANN. art. 102.007(f) (Vernon Supp. 2003). However, it did not. Accordingly, as the County Auditor suggests, these funds are subject to section 140.003(f) of the Local Government Code, which requires their deposit in the county treasury. *See* Tex. Att'y Gen. Op. No. DM-257 (1993) at 4 (law "requires all funds of a specialized local entity to be deposited in the county treasury").

## S U M M A R Y

State funds distributed to a prosecutor under the Professional Prosecutors Act or article 104.004 of the Code of Criminal Procedure are not subject to the special audit provision of section 115.032 of the Local Government Code. "Hot check" funds established under article 102.007 of the Code of Criminal Procedure are subject to such audit. A district attorney's authority over the disposition of "hot check" proceeds does not empower him to make multi-year contracts binding them in violation of article XI, section 7 of the Texas Constitution. Funds distributed to a district attorney under the Professional Prosecutors Act are to be deposited in the county treasury.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee